## MALONE v. OVERHOLZER.

### No. 3703.

United States District Court
District of Columbia.

Oct. 26, 1950.

Herbert D. Horowitz, of Washington, D. C., for petitioner.

George Morris Fay, U. S. Atty., and Thomas A. Wadden, Asst. U. S. Atty., Washington, D. C., for respondent.

HOLTZOFF, District Judge.

This is a writ of habeas corpus to review the commitment of the petitioner to St. Elizabeth's Hospital for the Insane under a statute known as the Miller Act, Act of June 9, 1948, D.C.Code 1940, Section 3503(1) of Title 22. The petitioner attacks the constitutionality of the Act.

Title II of the Act which is involved in this case defines the term "sexual psychopath" as "* * * a person, not insane, who by a course of repeated misconduct in sexual matters has evidenced such lack of power to control his sexual impulses as to be dangerous to other persons because he is likely to attack or otherwise inflict injury, loss, pain, or other evil on the objects of his desire."

The Act provides for the commitment of a person found to be a sexual psychopath to St. Elizabeth's Hospital. This commitment may be made only after a judicial hearing, which is conducted without a jury unless a jury is demanded either by the prosecuting attorney or by the petitioner.

It should be observed that this Act is not a criminal statute. It extends the law relating to the commitment of persons who are mentally incompetent so as to

include as possible subjects of commitment to a mental hospital, persons who are sexual psychopaths as defined in the Act.

 It appears to the Court that the Congress, as the legislative body of the District of Columbia, was acting entirely within its authority in enacting this statute. It should be observed that all the rights of the petitioner are expressly preserved by this statute. He is entitled to have a hearing before the court and may be committed only upon a finding by the Court or upon the verdict of a jury. He is entitled to counsel to represent him in this proceeding. Under the statute and under the general principles of law, he may at any time after commitment test by a habeas corpus proceeding the question whether he has recovered.

The Court is unable to find any constitutional infirmity in the Act and holds the statute constitutional.